

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Mr. Ford:                    Opinion No. O-4504

Re: Whether or not the estate of
                                        a deceased employee may be
                                        paid for the vacation period
                                        to which the employee would
                                        have been entitled but for
                                        his death.

        In your letter of inquiry of date March 30,
1942, you state that Mr. Hogg, an employee of the
Texas Liquor Control Board at the time of his death
was entitled to the statutory vacation period, and in-
quire whether or not his estate may now be paid the
salary which Mr. Hogg would have drawn during such
vacation period but for his death.

        Your question must be answered in the
negative. The statute contemplates that employees
of the State may have the designated period of vaca-
tion upon full pay. This means, necessarily, that
the status of the employee must have existed during
the so-called vacation period. Where one dies, or
otherwise ceases to be an employee of the State, his
status as employee, of course, is at an end, and,
therefore, the incidental right to a vacation upon
full pay as an employee has ceased.

        This question was decided, as here indi-
cated, in our Opinion No. O-2814, addressed to Honor-
able J. S. Murchison, Executive Director, State Board

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST

of Public Welfare, copy of which we hand you herewith.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED APR 13, 1942

By

FIRST ASSISTANT
ATTORNEY GENERAL

Ocie Speer
Assistant

OS-MR

Enclosure

